## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENDURANCE ASSURANCE CORPORATION, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES** |
| AMGUARD INSURANCE COMPANY, | *Document Filed Electronically* |
| Defendant. | |

Plaintiff, Endurance Assurance Corporation ("Endurance"), by way of its Complaint for Declaratory Judgment and for Damages against Defendant, AmGuard Insurance Company ("AmGuard"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action seeking a declaratory judgment and declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      This declaratory judgment action arises from a personal injury action pending in the Supreme Court of the State of New York, Queens County, entitled *Christopher Eduardo Farias v. Flight Center Hotel LLC d/b/a The TWA Hotel,* Index No.: 706910/2021 ("Underlying Action").

3.      Endurance issued to MCR Investors, Inc. a commercial general liability policy, Policy CGR10014499500, effective April 1, 2019 to April 1, 2020 (the "Endurance Policy"), with limits of $1,000,000 each occurrence and $2,000,000 general aggregate, under which Flight Center Hotel LLC d/b/a The TWA Hotel ("TWA Hotel") is a Named Insured.

4.      The TWA Hotel sought coverage for the Underlying Action from Endurance.

5.     Endurance has been, and is currently, providing for the defense of the TWA Hotel under the Endurance Policy for the Underlying Action.

6.     AmGuard issued to Five Star Awnings, Inc. ("Five Star") a commercial automobile liability policy, Policy No. FIAU078411, effective January 10, 2019 to January 10, 2020 (the "AmGuard Policy"), with a combined single limit of $1,000,000.

7.     Endurance has tendered the TWA Hotel's defense and indemnity for the Underlying Action to AmGuard on the grounds that the TWA Hotel is an additional insured under the AmGuard Policy.

8.     AmGuard denied Endurance's tender of the TWA Hotel's defense and indemnity for the Underlying Action.

9.     In this action, Endurance seeks a declaration that: (1) the TWA Hotel qualifies as an additional insured under the AmGuard Policy with regard to the Underlying Action; (2) AmGuard has a duty to defend the TWA Hotel as an additional insured with respect to the Underlying Action on a primary, non-contributory basis under the AmGuard Policy; (3) AmGuard has a duty to indemnify the TWA Hotel as an additional insured with respect to the Underlying Action on a primary, non-contributory basis under the AmGuard Policy; (4) AmGuard is obligated to reimburse the costs expended by Endurance in the defense of the TWA Hotel in the Underlying Action from the date of first tender to AmGuard's Named Insured, Five Star; and (5) declaring that AmGuard owes equitable contribution towards any liability and defense costs Endurance has incurred and may incur in the Underlying Action.

**THE PARTIES**

10.    Endurance is a Delaware corporation engaged in the insurance business, with its principal place of business in Purchase, New York, and was at all relevant times authorized to

2

transact insurance business in the State of New York, including issuing policies of insurance within the State of New York.

11.     Upon information and belief, AmGuard is a Pennsylvania corporation engaged in the insurance business, with its principal place of business in Wilkes-Barre, Pennsylvania, and was at all relevant times authorized to transact insurance business in the State of New York, including issuing policies of insurance within the State of New York.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, §2201 and §2202 because: (i) there is an actual controversy between the parties; (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) the matter is between citizens of different states.

13.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) because AmGuard is deemed to reside in this judicial district pursuant to 28 U.S.C. §1391(d) based on its contacts which are sufficient to subject it to personal jurisdiction.

## THE UNDERLYING ACTION

14.     On March 25, 2021, Christopher Eduardo Farias ("Mr. Farias") filed a summons and complaint ("Complaint") in the Underlying Action in the Supreme Court of the State of New York, Queens County, Index No.: 706910/2021, against the TWA Hotel. (A copy of the Complaint in the Underlying Action is attached as **Exhibit A**.)

15.     In the Complaint, Mr. Farias alleges that he was injured on December 20, 2019, while performing work at premises located at One Idlewild Drive, JFK International Airport, Queens, New York (the "Premises").

16.     In the Complaint, Mr. Farias alleges that he was employed by Five Star on the day of the accident and was injured on the Premises while in the course of his employment with Five Star.

17.     In the Complaint, Mr. Farias alleges that the TWA Hotel's negligence caused or contributed to the accident and also asserts claims against the TWA Hotel for violations of the Labor Law.

18.     On July 27, 2021, Mr. Farias filed a Verified Bill of Particulars stating the "incident took place outside the TWA Hotel, JFK Airport, Jamaica, NY", "the defective condition was the improper hoisting of unstable and unsecured construction material" and that "Plaintiff was a helper" working for "Five Star Awnings" at the time of the accident. (A copy of the Verified Bill of Particulars in the Underlying Action is attached as **Exhibit B**.)

19.     On August 10, 2021, the TWA Hotel filed a Third-Party Complaint against Five Star, as a Third-Party Defendant, in the Underlying Action seeking indemnification and contribution, and alleging negligent conduct on the part of Five Star resulting in the accident. (A copy of the Third-Party Complaint in the Underlying Action is attached as **Exhibit C**.)

20.     The Third-Party Complaint alleges, among other things, that "plaintiff's damages were caused solely by the carelessness, recklessness, negligence and/or breach of contract of Third-Party Defendant in connection with the work it performed at the premises, as was its contractual and/or legal obligation." (See **Exhibit C**, First Cause of Action, Paragraph 23.)

21.     It also alleges that to the extent "plaintiff sustained damages as alleged in [the] Complaint, and such damages were not caused solely by the plaintiff's own negligence, then the plaintiff's damages were caused solely by the negligence, carelessness, and recklessness of the Third-Party Defendant and the Third-Party Plaintiff was free of any negligence or fault with

4

regard to the alleged occurrence causing the plaintiff's injuries, and as such, the Third-Party Defendant is liable over to the Third- Party Plaintiff for contribution for the proportionate share of any judgment or recovery that plaintiff may obtain." (See **Exhibit C**, Third Cause of Action, Paragraph 33.)

## MR. FARIAS' DEPOSITION TESTIMONY IN THE UNDERLYING ACTION

22.     Mr. Farias was deposed in the Underlying Action on June 8, 2022 and testified that the accident occurred in the parking lot while unloading equipment and supplies from Five Star's vehicle. (Relevant portions of the transcript from Mr. Farias' deposition are attached as **Exhibit D**.)

23.     Specifically, Mr. Farias testified as follows:

> **Q. Got it. Did you put the panels**
> **on the floor or on the crane?**
> **A. On the floor.**
> **Q. To put on the crane. They were**
> **supposed to go from the truck to the floor**
> **to the crane; correct?**
> **A. From the truck to the floor and**
> **the crane picks it up from the floor.**
> **Q. Okay, I see what's going on**
> **here. How did it work?**
> **Did two of you take one panel**
> **off and then the next two would take the**
> **next panel off?**
> **A. They pass the panel, they have**
> **to wait until we put it down and like that**
> **we go back up with the hands up and grab**
> **another one.**
> **Q. I see. There were two people**
> **on the truck and then two people on the**
> **ground?**
> **A. Exactly.**

(See **Exhibit D**, Page 100, Line 4-24)

24.     Additionally, Mr. Farias testified as follows:

**Q. Explain to me how the accident
happened?
A. Well, like I was saying, I was
working on the ground with Felipe. Me and
him, we was the ones holding the panels and
putting it down on the floor so the crane
could take it up.
So my job was grab it one side,
Felipe the other side, we both go down and
put it on the floor and repeatedly we was
doing that repeatedly.
Q. And then what happened?**

**\*\*\***
**A. And then once we was carrying
the long ones because the long ones we had
to put a space because they are longer. So
that's what we're doing. So when they pass
me one, I grab it from my side and then
Felipe grabbed it from his side, so he
comes in front of me because he has to get
in front of me so we can put it in front
between us.
So when we're turning to go
down, bending down to put it that's when
they told me because all I did is feel the
impact and I blacked out. And what they
told me is that they dragged me from there
to a wall so I could just sit back on the
all until I wake up and that's when I wake
up. I woke up bleeding from my mouth like
acting crazy because I didn't know what
happened. So that's when they told me,
calm down, calm down, a panel just fell on
you. And I was like, how, how.**

(See **Exhibit D**, Page 102, Line 14 to Page 103, Line 22.)

25.    He also testified as follows:

**Q. When you felt the impact were
\*\*\***
**you in the middle of putting the panel down
on the ground?
A. Yes, I was bending down to put
the panel down when I just felt an impact.**

6

**Q. Did you get the panel on the
ground before the impact?
A. Well, I was in the moment that
the impact, so I don't know if I end up
putting down on the floor.
* * *
Q. Were you in the process of like
coming back up from bending down?
A. Yes.**

(See **Exhibit D**, Page 104, Line 25 to Page 105, Line 20.)

## THE PROFESSIIONAL SERVICES AGREEMENT

26.     On November 1, 2019, the TWA Hotel, as "Owner", entered into a written

Professional Services Agreement (the "Agreement") with Five Star, as "Professional", to

perform work at the Premises. (A copy of the Agreement is attached as **Exhibit E**.)

27.     The Agreement provides for the description of services as follows:

Production and installation of awnings at The TWA Hotel as
directed by and pursuant to plans prepared by Lubrano Ciavarra
Architects, and seasonal dismantling and storage of awnings, all in
accordance with the attached **Proposal**

28.     Article 6 of the Agreement, titled "Indemnification," provides:

**6. Indemnification -** To the fullest extent permitted by law,
Professional shall defend (as respects claims for bodily injury,
personal injury and/or property damage), indemnify and hold
harmless Owner, its managing agent, and their respective owners,
affiliates, subsidiaries, members, partners, trustees, officers,
partners, trustees, offices, employees, any mortgagee of Owner,
any master lessor of Owner, MCR Property Management LLC,
JetBlue Airways Corp., The Port Authority of New York and New
Jersey, The City of New York, and their successors and assigns as
their interests may appear, and such other parties as Owner shall
reasonably designate (herein collectively referred to as <u>Owner
Parties</u>"), from and against any and all claims. suits, losses,
subrogation efforts, lines, violations or expenses (including legal
fees and other expenses of litigation in connection with this
indemnification and the enforcement thereof) resulting from any
personal injury to an employee of Professional or negligent act,
error or omission or violation of law of Professional or

Professional's employees, agents, subcontractors, suppliers, workers, invitees, successors or assigns including, without limitation, bodily injury, death including bodily injury or death to Professional's employees, personal injury or property damage, and all other claims by any person, firm or corporation. Professional agrees that in the defense of any claims or potential claims for which it is required to defend an Owner Party, it shall obtain approval by such Owner Party, which shall not be unreasonably withheld, of any counsel selected by Professional or its insurer. This indemnification shall survive the termination or completion of this Agreement.

29.     Article 7 of the Agreement, titled "Insurance," provides, in pertinent parts, as follow:

**7. Insurance –** The following insurance is to be provided by Professional at its expense. A certificate of insurance evidencing the coverages required herein and endorsements showing additional insured and waiver of subrogation must be presented to Owner by Professional and each of Professional's subcontractors, in form and content satisfactory to Owner prior to commencing Work and prior to receiving any payments. All policies (except worker's compensation and professional liability) shall name Owner and Owner Parties as additional insureds.

***

**c. Auto Liability:** Coverage for all vehicles – own, hired, leased and non-owned. Limits: $1,000,000 Combined Single Limit per accident.

**d. Umbrella/Excess Liability:** Coverage for commercial general liability, auto liability and employer's liability policies; and coverage to be either "follow form" of the primary policy or provide coverage as broad as the primary policy. Limits: $5,000,000 per occurrence; $5,000,000 annual aggregate; or such higher amount as determined by Owner. If the policy is not follow form as respects the primary policy, owner additional insureds must be endorsed as additional insureds. All Umbrella/Excess policies cannot be excess and must be endorsed to be primary and non-contributory for owner additional insureds. The certificate of insurance must indicate that any Umbrella/Excess policy is endorsed that the coverage is primary and non-contributory for owner additional insureds.

***

All policies for Commercial General Liability, Auto Liability and Umbrella/Excess Liability, shall be considered primary as respects any insurance or self-insurance maintained by Owner Parties. All insurance and self-insurance maintained by Owner Parties shall be excess and non-contributory.

Professional hereby releases Owner from all liability to Professional, or anyone claiming through or under Professional, by way of subrogation or otherwise. for any loss or damage to property caused by or resulting from risks insured against under this Agreement. Professional will obtain waivers of subrogation from all insurance carriers in favor of Owner Parties.

## THE INSURANCE POLICIES

### *The AmGuard Policy*

30.     AmGuard issued to Five Star the AmGuard Policy, a commercial automobile liability policy, Policy No. FIAU078411, effective January 10, 2019 to January 10, 2020.

31.     AmGuard has not yet provided a copy of the AmGuard Policy to Endurance, despite its request.

32.     Upon information and belief, and in accordance with the requirements of the Agreement, the AmGuard Policy insures the TWA Hotel as an additional insured.

33.     Additionally, upon information and belief, and in accordance with the requirements of the Agreement, the AmGuard Policy is written to be primary as respects any insurance or self-insurance maintained by the TWA Hotel. In other words, all insurance and self-insurance maintained by the TWA Hotel shall be excess and non-contributory.

### *The Endurance Policy*

34.     Endurance issued the Endurance Policy, a commercial general liability policy, Policy CGR10014499500, effective April 1, 2019 to April 1, 2020 providing coverage to the TWA Hotel as an Insured.

9

35.    The OTHER INSURANCE – EXCESS endorsement, form EGL 0638 0516, to

the Endurance Policy provides

> **SECTION IV – COMMERCIAL GENERAL LAIBILTIY CONDITIONS**, Condition **4. Other Insurance** is deleted and replaced by the following:
>
> **4. Other Insurance - Excess**
>
> This insurance is excess over any other valid and collectible insurance (other than insurance bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this policy), including any deductible and self-insured amounts under such insurance, whether primary, excess, contingent or on any other basis applying to the loss.
>
> We will have no duty under this insurance to defend the insured against any "suit" if any other insurer has a duty to defend the insured against the "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all these other insurers.
>
> Notwithstanding the foregoing, the insurance afforded by this policy is primary and noncontributory insurance with respect to those insureds to whom you are obligated by written contract or agreement to provide primary and noncontributory insurance, but they are insureds only with respect to liability arising out of your operations, or your premises, if you are obligated pursuant to such contract or agreement to provide them with such insurance as is afforded by this insurance.

## **TENDER CORRESPONDENCE**

36.    By letter dated May 17, 2021, the TWA Hotel tendered its defense and indemnity

to Five Star under all relevant policies issued to Five Star with regard to the Underlying Action,

and further requested that the TWA Hotel's tender be forwarded to Five Star's insurers. (A copy

of the March 17, 2021 tender is attached as **Exhibit F**.)

37.    By letter dated March 16, 2022, Endurance tendered the defense and indemnity

of the TWA Hotel to Five Star and AmGuard with regard to the Underlying Action.  Endurance

advised AmGuard that Mr. Farias alleged in an employee claim form for the Worker's

Compensation Board that the accident occurred while taking down panels from the top of a work truck insured under the AmGuard Policy, and that he was struck by one of the panels as he helped unload this work truck. Unloading constitutes a "use" of a covered auto and triggers coverage under the AmGuard policy to the TWA Hotel as an additional insured. (A copy of the March 16, 2022 tender is attached as **Exhibit G**.)

38.     By letter dated July 13, 2022, AmGuard denied coverage to the TWA Hotel as an additional insured under the AmGuard Policy for the Underlying Action, asserting that the Underlying Action did not allege that Mr. Farias' accident arose out of the ownership, maintenance or use of a covered auto. AmGuard did not respond to the facts set forth in Mr. Farias' employee claim form. (A copy of AmGuard's June 13, 2022 denial letter is attached as **Exhibit H**.)

39.     By letter dated October 21, 2022, Coughlin Midlige & Garland LLP, counsel for Endurance, requested that AmGuard reconsider its improper denial of coverage to the TWA Hotel with regard to the Underlying Action. AmGuard was advised that Mr. Farias' testimony in the Underlying Action clearly showed that his injury arose out of the unloading of Five Star's truck on behalf of AmGuard's named insured, Five Star, and AmGuard was provided a copy of the transcript. (A copy of the October 21, 2022 re-tender letter is attached as **Exhibit I**.)

40.     To date, AmGuard has not formally responded to the October 21, 2022 re-tender.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST AMGUARD
### (Declaratory Judgment –Additional Insured Status)

41.     Plaintiff repeats and re-alleges each and every allegation in in the prior paragraphs as if fully set forth herein.

42.     Upon information and belief, under the terms of the AmGuard Policy, pursuant to the Agreement, the AmGuard Policy affords additional insured coverage to the TWA Hotel for the Underlying Action on a primary and non-contributory basis.

43.     AmGuard improperly denied coverage to the TWA Hotel, asserting that the Underlying Action Complaint did not allege that the accident arose out of the use of a covered auto.

44.     AmGuard failed to consider the extrinsic evidence that demonstrated that the accident arose out of the unloading of panels from the covered truck, which constitutes a use of the covered auto.

45.     Because the AmGuard policy provides coverage for liability arising out of the use of the covered truck, the TWA Hotel qualifies as an additional insured under the AmGuard policy on a primary and non-contributory basis.

46.     An actual case or controversy exists between Endurance and AmGuard concerning the TWA Hotel's status as an additional insured and the TWA Hotel's entitlement to defense and indemnity for the Underlying Action under the AmGuard Policy.

47.     A resolution of this dispute is necessary to resolve AmGuard's obligation to defend and indemnify the TWA Hotel for the Underlying Action and to reimburse Endurance for fees and expenses which it has expended on the TWA Hotel's defense.

48.     Therefore, Endurance seeks a judicial determination and declaration that the TWA Hotel qualifies as an additional insured under the AmGuard Policy.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST AMGUARD
### (Declaratory Judgment – Duty to Defend)

49.     Endurance repeats and re-alleges each and every allegation in in the prior paragraphs as if fully set forth herein.

50.     Upon information and belief, under the terms of the AmGuard Policy, AmGuard has an obligation to defend the TWA Hotel in the Underlying Action on a primary, non-contributory basis.

51.     AmGuard, however, denied a duty to defend the TWA Hotel, asserting that Mr. Farias' injuries did not arise out of the use of a covered auto and that the TWA Hotel therefore did not qualify as an additional insured under the AmGuard Policy.

52.     An actual case or controversy exists between Endurance and AmGuard concerning the TWA Hotel's entitlement to defense for the Underlying Action under the AmGuard Policy.

53.     A resolution of this dispute is necessary to resolve AmGuard's obligation to defend the TWA Hotel for the Underling Action and to reimburse Endurance for fees and expenses which it has expended on the TWA Hotel's defense.

54.     Therefore, Endurance seeks a judicial determination and declaration that AmGuard is obligated to defend the TWA Hotel for the Underlying Action on a primary, non-contributory basis.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST AMGUARD
### (Declaratory Judgment – Duty to Indemnify)

55.     Plaintiff repeats and re-alleges each and every allegation in in the prior paragraphs as if fully set forth herein.

56.     Upon information and belief, pursuant to the terms of the AmGuard Policy, AmGuard has an obligation to indemnify the TWA Hotel for the Underlying Action for all amounts for which the TWA Hotel becomes legally obligated to pay as damages because of bodily injury in connection with the Underlying Action, on a primary and non-contributory basis.

57.     AmGuard, however, denied a duty to indemnify the TWA Hotel asserting that Mr. Farias' injuries did not arise out of the use of a covered auto and that the TWA Hotel therefore does not qualify as additional insured under the AmGuard Policy.

58.     An actual and justiciable controversy exists between Endurance and AmGuard regarding AmGuard's obligation to indemnify the TWA Hotel in the Underlying Action.

59.     A resolution of this dispute is necessary to resolve AmGuard's obligation to indemnify the TWA Hotel in the Underlying Action.

60.     Therefore, Endurance seeks a judicial determination and declaration that AmGuard is obligated to indemnify the TWA Hotel for the Underlying Action, on a primary and non-contributory basis.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST AMGUARD
**(Declaratory Judgment – Reimbursement of Costs
Paid by Endurance and Damages)**

61.     Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs as if fully set forth herein.

62.     AmGuard wrongfully failed to provide the TWA Hotel with a defense for the Underlying Action.

63.     AmGuard's failure to provide a defense to the TWA Hotel on a primary, non-contributory basis for the Underlying Action is, upon information and belief, in violation of the terms of the AmGuard Policy.

64.     As a direct and proximate result of AmGuard's failure to provide a defense in violation of its obligations, Endurance has incurred considerable defense costs on behalf of the TWA Hotel in the Underlying Action.

65.     An actual and justiciable controversy exists between Endurance and AmGuard regarding AmGuard's obligation to reimburse Endurance for the defense costs incurred in the Underlying Action.

66.     Accordingly, the Court should award to Endurance, and order AmGuard to pay, all amounts that Endurance has incurred or will incur in the defense of the TWA Hotel in the Underlying Action, from the date of initial tender to Five Star to the present, plus interest, as well as costs and fees prosecuting this coverage action.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST AMGUARD
### (Equitable Contribution)

67.     Plaintiff repeats and re-alleges each and every allegation in in the prior paragraphs as if fully set forth herein.

68.     Endurance has expended costs in the defense of the TWA Hotel with respect to the Underlying Action.

69.     Upon information and belief, AmGuard is required to provide primary and non-contributory insurance coverage to the TWA Hotel with respect to the Underlying Action.

70.     To the extent Endurance is deemed a co-primary insurer with AmGuard for the TWA Hotel with respect to the Underlying Action, Endurance is entitled to equitable contribution from AmGuard with respect to any such costs that have been or will be incurred.

71.     An actual and justiciable controversy exists between Endurance and AmGuard regarding AmGuard's obligation to contribute to any defense costs or liability that Endurance has incurred and may incur with respect to the Underlying Action.

72.     A resolution of this dispute is necessary to resolve AmGuard's obligation to contribute to any defense costs or liability that Endurance has incurred and may incur with respect to the Underlying Action.

73.     Therefore, Endurance seeks a judicial determination and declaration as to AmGuard's obligation to contribute to any defense costs or liability that Endurance has incurred and may incur with respect to the Underlying Action.

**WHEREFORE**, Plaintiff, Endurance Assurance Company, respectfully request that the Court enter a judgment:

1.     On the first cause of action, for a judgment declaring that the TWA Hotel is an additional insured under the AmGuard Policy in connection with the Underlying Action.

2.     On the second cause of action, for a judgment declaring AmGuard must defend the TWA Hotel in the Underlying Action as an additional insured on a primary, non-contributory basis.

3.     On the third cause of action, for a judgment declaring that AmGuard must indemnify the TWA Hotel in the Underlying Action as an additional insured on a primary, non-contributory basis.

4.     On the fourth cause of action, awarding Endurance money damages against AmGuard for all defense costs incurred in the Underlying Action, plus interest, as well as all attorneys' fees, costs, and expenses that it has incurred in prosecuting this action.

5.     On the fifth cause of action, for a judgment declaring that AmGuard owes equitable contribution towards any liability and defense costs Endurance has incurred and may incur in the Underlying Action.

6.     For such other and further relief as the Court deems just and proper.

Dated: New York, New York
        December  6, 2022

                                 **COUGHLIN MIDLIGE & GARLAND LLP**

                                 By:    /s/ Robert W. Muilenburg
                                              Robert W. Muilenburg, Esq.
                                              Patrick A. Florentino, Esq.
                                                Wall Street Plaza
                                                88 Pine Street, 28th Floor
                                              New York, New York 10005
                                              (212) 483-0105
                                              *Attorneys for Plaintiff*
                                              *Endurance Assurance Corporation*

To:    AmGuard Insurance Company
       Berkshire Hathaway GUARD
       39 Public Square
       Wilkes-Barre, PA 18703-1368